(206 P.3d 54)
No. 99,943

STATE OF KANSAS, *Appellee,*v. JEREMY JAMES COX, *Appellant.*

Opinion filed April 24, 2009.

*Stephen J. Atherton,* of Atherton & Huth, of Emporia, for appellant.

*Jerry B. Hathaway,* county attorney, and *Stephen N. Six,* attorney general, for appellee.

Before CAPLINGER, P.J., MALONE and LEBEN, JJ.

CAPLINGER, J.: Jeremy James Cox appeals his conviction for possession of methamphetamine with intent to sell. Cox argues his arrest for failing to provide proof of motor vehicle liability insurance was unlawful because the applicable statute, K.S.A. 40-3104(d), permits only the issuance of a citation for a violation of the statute. Thus, he contends the subsequent search of his person was not incident to a valid arrest and the fruits of that search should have been suppressed.

We conclude that the language of K.S.A. 40-3104, when considered *in pari materia*, reveals that a law enforcement officer is authorized to either issue a citation or arrest an individual who fails to provide proof of motor vehicle liability insurance as required by section (d) of that statute. Therefore, Cox's arrest was lawful, the subsequent search of his person was incident to that valid arrest, and the district court did not err in denying Cox's motion to suppress the fruits of that search.

*Factual and procedural background*

Cox was stopped by Yates Center Police Officer Britt Sigg for a window tint violation. Sigg asked Cox to produce proof of motor vehicle liability insurance, and when Cox was unable to do so, Sigg arrested him for violating K.S.A. 40-3104(d).

During the subsequent pat-down search of Cox, Sigg felt a bulge in Cox's pants pocket. Sigg removed a sunglass' case and discovered it held two baggies containing a substance Sigg believed to be methamphetamine. Subsequent laboratory testing confirmed Sigg's belief.

Cox was charged with possession of methamphetamine with intent to sell, possession of drug paraphernalia, and failure to provide proof of insurance. He moved to suppress the evidence obtained through the search of his person on the basis that it was an unauthorized, warrantless search. At a hearing on his motion, Cox further argued that his failure to provide proof of insurance was not an arrestable offense and, therefore, the subsequent search was not justified as a search incident to a valid arrest. The district court denied the motion, finding Cox's failure to provide proof of insur-

ance was an arrestable offense and the evidence found on his person was admissible as it was obtained in a search incident to a valid arrest.

Cox waived his right to a jury trial, and the case was tried to the district court based on stipulated facts. At trial, Cox renewed his objection to the evidence obtained in the search, which the district court again overruled. The court found Cox guilty on all three counts and sentenced him to 18 months' probation, with an underlying prison term of 15 months.

*Discussion*

In this appeal, Cox renews his argument that the failure to provide proof of valid motor vehicle liability insurance under K.S.A. 40-3104(d) is not an arrestable offense and the evidence obtained in the subsequent search of his person should have been suppressed as the search was not incident to a valid arrest.

At the outset, we note Cox does not expressly argue that the search violated his rights under the Fourth Amendment to the United States Constitution. Rather, Cox limits his argument to the statutory language of K.S.A. 40-3104. However, the Fourth Amendment provides the foundation for Cox's argument that he was illegally arrested and that the evidence obtained in the subsequent search of his person was inadmissible.

When, as here, the facts material to a trial court's decision on a suppression motion are not in dispute, the question of whether to suppress is a question of law over which appellate courts exercise unlimited review. *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006). Further, this case requires us to construe relevant statutes and thus raises questions of law over which we also have unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). Our first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007).

Cox was arrested for violating K.S.A. 40-3104(d), which requires motorists to "display, upon demand, evidence of financial security to a law enforcement officer." Violation of this statute is a class B misdemeanor, punishable by a fine between $300 and $1000 and up to 6 months in jail. K.S.A. 40-3104(g)(1). Under the statute, the law enforcement officer "shall issue a citation to any person who fails to display evidence of financial security upon such demand." K.S.A. 40-3104(d).

Cox argues the provision of K.S.A. 40-3104(d) that a law enforcement officer "shall issue a citation" limits the method by which the statute may be enforced to the issuance of a citation and prohibits an officer from arresting an individual solely for a violation of the statute.

The State, on the other hand, argues the language of K.S.A. 40-3104(d) is not intended to limit enforcement of the statute to the issuance of a citation. Rather, the State suggests the statute requires an officer to either issue a formal citation or arrest an individual for failure to provide proof of insurance.

A. Does K.S.A. 22-2401(d) authorize arrest for failure to carry proof of motor vehicle liability insurance?

To resolve this issue, we must first examine K.S.A. 22-2401, which sets out law enforcement's general powers of arrest. The State contends general authority for Cox's arrest can be found in K.S.A. 22-2401(d), which provides authority to arrest a person when "[a]ny crime, except a traffic infraction or a cigarette or tobacco infraction, has been or is being committed by the person in the officer's view."

The term "traffic infraction" is defined in K.S.A. 21-3105(2) as "a violation of any of the statutory provisions listed in subsection (c) of K.S.A. 8-2118 and amendments thereto." K.S.A. 40-3104 is not among the statutes listed in K.S.A. 8-2118(c). Therefore, under the plain and unambiguous language of K.S.A. 21-3105(2), a violation of K.S.A. 40-3104 is not a traffic infraction. Because a violation of K.S.A. 40-3104 is not a traffic, cigarette, or tobacco infraction, it is not excepted from those crimes for which a law enforcement officer may effect an arrest when a crime has been

or is being committed by the person in the officer's view. K.S.A. 22-2401(d).

### B. Does K.S.A. 40-3104(d) limit the means of enforcement for a violation of the statute to the issuance of a citation?

While it is clear that law enforcement officers have general authority under K.S.A. 22-2401 to arrest an individual for a violation of K.S.A. 40-3104, a class B misdemeanor, we must nevertheless consider Cox's argument that this authority is superceded by the language of K.S.A. 40-3104(d), which provides that an officer "shall issue a citation" for the failure to carry proof of insurance.

Cox argues this language specifically limits enforcement of the statute to the issuance of a citation and prohibited his arrest in this case. The State disagrees and points out that since 1984, K.S.A. 40-3104 has consistently permitted an officer to arrest an individual who violates the statute. The State contends the phrase "shall issue a citation," which was added to subsection (d) in 1988, permits an officer to either issue a citation or arrest an individual who violates subsection (d). See L. 1988, ch. 161, sec. 2.

Because the meaning of the phrase is ambiguous, we must resort to statutory construction and examine the legislature's intent.

When construing a statute to ascertain legislative intent, we are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia*. *In re Adoption of G.L.V.*, 286 Kan. 1034, 1041, 190 P.3d 245 (2008). Applying that legal maxim, we need not look far in determining whether the legislature intended to limit enforcement of K.S.A. 40-3104(d) to the issuance of a citation.

Rather, we find the answer to this question in the language of K.S.A. 40-3104(e), which provides:

"[N]o person charged with violating subsections (b), (c) or (d) shall be convicted if such person produces in court, *within 10 days of the date of arrest or of issuance of the citation*, evidence of financial security for the motor vehicle operated, which was valid *at the time of arrest or of issuance of the citation*." (Emphasis added.)

Clearly, K.S.A. 40-3104(e) anticipates that an individual charged with a violation of the statute will either be arrested *or* issued a citation for that violation, and, in either event, the violator will have

a 10-day grace period in which to produce evidence of insurance so as to avoid a conviction under the statute.

This interpretation is buttressed by the legislative history of subsections (d) and (e), which were both added to K.S.A. 40-3104 in 1984. Subsection (d) originally provided: "Any person operating a motor vehicle upon a highway or upon property open to use by the public shall display, upon demand, evidence of financial security to a law enforcement officer." L. 1984, ch. 174, sec. 2(d). Subsection (e) originally stated: "No person charged with violating subsections (b), (c), or (d) shall be convicted if such person produces in court or in the office of the *arresting officer*, within 20 days of the date of *arrest*, evidence of financial security for the motor vehicle operated, which was valid at the time of *arrest*." (Emphasis added.) L. 1984, ch. 174, sec. 2(e).

K.S.A. 40-3104(d) was again amended in 1988 to include the language Cox focuses on here: "The law enforcement officer shall issue a citation to any person who fails to display evidence of financial security upon such demand." L. 1988, ch. 161, sec. 2(d). And, significantly, K.S.A. 40-3104(e) was also amended to read in pertinent part: "Unless the insurance company subsequently submits an insurance verification form indicating that insurance was not in force, no person charged with violating subsections (b), (c) or (d) shall be convicted if such person produces in court, within 20 days of the *date of arrest or of issuance of the citation*, evidence of financial security for the motor vehicle operated, which was valid at the time of *arrest or of issuance of the citation*." (Emphasis added.) L. 1988, ch. 161, sec. 2(e).

Thus, from 1984 to 1988, subsection (e) of K.S.A. 40-3104 contemplated only an arrest for a violation of subsections (b), (c), or (d). Beginning in 1988, however, subsection (e) contemplated that a violation of any of those three subsections would result in either an arrest or the issuance of a citation. Had the legislature intended to limit enforcement of the statute to issuance of a citation, it could have deleted the arrest language or expressly prohibited arrest. Instead, the legislature retained the arrest language and added the phrase "issuance of a citation," clearly expressing an intent to pro-

vide officers a choice of two enforcement options for the violation of subsections (b), (c), and (d).

Thus, we conclude that when a person violates K.S.A. 40-3104(d) by failing to provide proof of motor vehicle liability insurance, a law enforcement officer may lawfully issue a citation *or* arrest that individual.

Because Cox's arrest for a violation of K.S.A. 40-3104(d) was lawful, the search of Cox's person was authorized incident to the valid arrest, and the district court did not err in denying his motion to suppress.

Affirmed.