NOT DESIGNATED FOR PUBLICATION

No. 121,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

CHRISTOPHER TESCHKE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed January 10, 2020. Reversed and remanded with directions.

*Kendall Kaut* and *Jacob M. Gontesky*, assistant district attorneys, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Megan L. Harrington*, of Overland Park, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

PER CURIAM: The State charged Christopher Teschke with one count of criminal threat. Teschke sought to exclude as evidence a knife discovered in his vehicle at the time of his arrest. After the district court granted Teschke's motion to suppress the evidence, the State filed this interlocutory appeal. Because we find the district court erred, we reverse the district court's suppression order and remand the case for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

*The incident*

Police arrested Teschke in April 2018 after he was involved in a vehicle collision in a highway construction zone near the intersection of I-435 and Metcalf in Johnson County. Bryan Fite was in the left lane of stop-and-go traffic on his way home from work that day. Because of the construction, he needed to merge right into the next lane of traffic. He signaled, saw an opening, and as he moved right, he made contact with Teschke's car. The contact resulted in a slight scratch in the paint above the right front wheel well and bumper of Fite's car. Minimal damage to Teschke's car was on the driver's door.

Notwithstanding this minimal impact at 5-10 miles per hour, both drivers rolled down their windows and exchanged heated words and obscenities. Each threatened to kick the other's ass. According to Fite, Teschke then held a knife out of the car window, shook it, and threatened to kill him. Fite described the knife he saw as black in a black sheath.

Fite was able to get Teschke's license plate number and called it in to the Overland Park Police Department, which asked Fite to pull off the highway and wait for an officer's arrival.

Officer Derek Ledgerwood testified that the license plate that Fite called in returned to Teschke with an address in Lenexa. After meeting with Fite on the highway and obtaining Teschke's address, Ledgerwood and his field training Officer Nicholas Berkland went to Teschke's home where Ledgerwood spoke with him.

In response to Ledgerwood's questions, Teschke admitted that he was involved in an accident on the highway and there was an altercation with the other driver. Teschke said that he had his cellphone in his hand, held up his hands, and motioned for the other driver to pull over. The other driver kept going, so Teschke drove home. Teschke denied he held a knife up to the other driver.

However, Teschke also admitted to Ledgerwood that he had a knife in his vehicle, which he described as black and in a black sheath. At that point, believing he had probable cause of a crime, Ledgerwood hand cuffed Teschke and placed him under arrest. Ledgerwood read Teschke his *Miranda* rights, and Teschke continued to cooperate and answer questions in Ledgerwood's patrol car. See *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

While Ledgerwood and Teschke were in the patrol car, Berkland walked along the driver's side of Teschke's vehicle, which was parked in his driveway. He looked in the window and saw what appeared to be a knife tucked between the driver's seat and the center transmission tunnel. Berkland then went to Teschke and asked him where the knife was located—in part to test his veracity. Teschke said that the knife "would be either under the driver's seat or next to it."

After receiving that information, the two officers went to Teschke's car to locate the knife. Ledgerwood saw the knife in Teschke's vehicle after Berkland opened the car door. Ledgerwood described the knife as black and with a black sheath, tucked between the driver's seat and the center console. He took photos of the knife in this location and then removed it from the vehicle.

*The motion to suppress*

Teschke filed a motion to suppress as evidence the knife seized from his car without a warrant. In the motion, Teschke claimed he did not consent to the search of his vehicle, and he argued the police did not conduct a proper inventory search to justify the search without a warrant. The State disagreed but also argued that other exceptions to the warrant requirement applied to allow the search—specifically, the automobile exception, plain view exception, and search incident to a lawful arrest.

Ledgerwood and Berkland were the only witnesses who testified at the motion to suppress hearing. At the conclusion of the hearing, the district court granted the suppression motion and ruled the knife could not be used as evidence at the trial. The State timely filed its notice of interlocutory appeal.

DID THE DISTRICT COURT ERR IN FINDING THERE WAS SUBSTANTIAL COMPETENT EVIDENCE TO SUPPORT GRANTING TESCHKE'S MOTION TO SUPPRESS EVIDENCE?

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *State v. Ramirez*, 278 Kan. 402, 404, 100 P.3d 94 (2004). Any warrantless search is per se unreasonable unless it falls within one of the exceptions to the search warrant requirement recognized in Kansas. *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014). In this appeal, the State contends that two exceptions to the warrant requirement apply to the facts of this case—the search incident to arrest exception and the automobile exception. The State bears the burden of proving the search and seizure were lawful. K.S.A. 22-3216(2); *State v. Gray*, 306 Kan. 1287, 1302, 403 P.3d 1220 (2017).

4

*Standard of Review*

When reviewing a district court's ruling on a motion to suppress evidence, we review the factual underpinnings of the decision by a substantial competent evidence standard and the ultimate legal conclusion drawn from those facts by a de novo standard. The ultimate determination of the suppression of evidence is a legal question requiring independent appellate review. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018) (regarding warrantless search of vehicle); *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015) (same dual standard of review applies to State's appeal of trial court's grant of defendant's motion to suppress). However, "'[w]hen the facts supporting the district court's decision on a motion to suppress are not disputed, the ultimate question of whether to suppress is a question of law over which the appellate court exercises unlimited review. [Citations omitted.]' *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018)." *State v Fisher*, 57 Kan. App. 2d ___, 453 P.3d 359, 363 (2019).

*Search incident to arrest*

We note that the district court failed to address or even allude to the search incident to arrest exception in any way during its oral ruling granting the suppression motion. This failure is contrary to K.S.A. 2018 Supp. 60-252(a) and Kansas Supreme Court Rule 165(a) (2019 Kan. S. Ct. R. 221), which both require the district court to make findings of fact and conclusions of law in connection with its rulings. We are unable to discern why the district court evidently found the search incident to arrest exception was not applicable or why it did not mention this exception in its ruling. Notwithstanding the district court's failure in this regard, our review of the motion hearing transcript shows the facts surrounding the search are not in dispute, and we view the suppression issue as a question of law. See *State v. Stevenson* 299 Kan. 53, 57, 321 P.3d 754 (2014).

5

Under the search incident to arrest exception, officers may search a vehicle incident to the arrest of a recent occupant if it is reasonable to believe the vehicle contains evidence of the offense of arrest. *Arizona v. Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). "[C]ircumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' *Thornton*, 541 U.S., at 632 (Scalia, J., concurring in judgment)." *Gant*, 556 U.S. at 343.

In this case, Teschke was the recent occupant of a vehicle who had been arrested for aggravated assault and was ultimately charged with criminal threat. The record reveals ample evidence for the police to reasonably believe that the knife used in the alleged crime was in Teschke's car. After all, Fite told police that Teschke had a knife in his car and used it to threaten him. Teschke admitted that he had a knife in his car that matched the description of the knife Fisk described. And after his arrest, Teschke told police where it was located in the car. Because the record contains substantial competent evidence to find that the police had a reasonable belief that evidence relevant to the crime was in the vehicle, we find that the search incident to a lawful arrest exception to the warrant requirement applies to the facts of the case, and we find the search does not violate the Fourth Amendment.

*The automobile exception*

The district court directly addressed the automobile exception in its ruling as follows:

"[T]he things that the court is basing its decision on is that number one, that this isn't a car stop. I understand there is a lot of cases in this realm, but I don't believe that this is one. The defendant's car was in his driveway with a police vehicle parked behind it. I

6

don't believe that there were any exigent circumstances in this nor have I seen any in the prelim or in this hearing."

The search of an automobile is permitted if there is probable cause. The mobility of the vehicle provides the exigent circumstances without the necessity of proving anything more. *State v. Howard*, 305 Kan. 984, 990, 389 P.3d 1280 (2017). "'Probable cause' to search a vehicle can be established if the totality of the circumstances indicates there is a 'fair probability' that the vehicle contains contraband or evidence." *State v. Sanchez-Loredo*, 294 Kan. 50, 55, 272 P.3d 34 (2012).

The district court did not address whether there was probable cause to search the vehicle. However, the record reveals Teschke—without any awareness that Fisk reported or described Teschke's knife to police—said he was in an altercation on the highway, confirmed that he held up an object at Fisk, admitted he had a knife in his vehicle, described it consistently with Fisk's description, and informed police it was within reach of the driver's seat. These circumstances indicate there was a fair probability that the vehicle contained a knife, which was evidence of the crime of criminal threat.

The district court ruled there were no exigent circumstances because the vehicle was not involved in a traffic stop and it was parked on a driveway. But the mobility of Teschke's vehicle in his open driveway provided the exigent circumstances without the necessity of proving anything more. The vehicle itself provides the exigent circumstances to support the search. *State v. Davis*, 31 Kan. App. 2d 1078, 1083-84, 78 P.3d 474 (2003), *rev. denied* 277 Kan. 925 (2004). The police had probable cause in light of all the circumstances to search for the knife. The record contains substantial competent evidence to apply the automobile exception to the warrant requirement. Thus, we find the district court's finding of no exigent circumstances to be in error.

*Curtilage*

For the first time on appeal, the parties engage in extended argument whether Teschke's car was parked within the curtilage of his home. The State initially raised the issue by arguing that the car was not parked within the curtilage. Teschke responded by arguing that his car was parked within the curtilage and, consequently, the search could not be justified under either the automobile or the search incident to arrest exceptions. Notwithstanding that it raised the curtilage issue in its brief, the State ultimately complains that it did not have notice of the curtilage issue in the district court and had no opportunity to develop the record to address the contention.

Our review of the record below discloses the curtilage issue was never raised in the district court. And issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Importantly, Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and the issue will be deemed waived or abandoned. Thereafter, our Supreme Court held that Rule 6.02(a)(5) would be strictly

enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Neither Teschke nor the State assert an exception to the general rule that we will not consider issues not raised before the district court. As such, we decline to consider this issue on appeal.

We acknowledge that *Collins v. Virginia*, 584 U.S. ___, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018), regarding the curtilage issue has since been decided by the United States Supreme Court and forms the basis for the parties' extended curtilage argument. We note that the district court did not have this opinion at its disposal when rendering its decision. Nothing in this opinion should be construed as a ruling one way or another on *Collins'* applicability, and the issue may be raised on remand. See *State v. Greever*, 286 Kan. 124, 132, 183 P.3d 788 (2008) (holding although issue not raised below is precluded on appeal, issue may be raised on remand).

We reverse the order of the district court suppressing the knife as evidence and remand this matter for further proceedings.

Reversed and remanded with directions.