No. 101,912

STATE OF KANSAS, *Appellant*, v. DINAH SANCHEZ-LOREDO, *Appellee*.

(272 P.3d 34)

Opinion filed March 23, 2012.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellant.

*Richard A. Samaniego*, of O'Hara & O'Hara, of Wichita, argued the cause, and *Charles A. O'Hara*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Reno County law enforcement officers made a traffic stop of Dinah Sanchez-Loredo's vehicle, detained her at the scene for approximately 75 minutes while obtaining a search war-

rant, and recovered a large quantity of methamphetamine and some drug paraphernalia during the ensuing automobile search. Sanchez-Loredo seeks review of the Court of Appeals' decision which reversed the district court's suppression of the seized drugs and drug paraphernalia based upon the district court's determination that exigent circumstances did not exist to support a warrantless search and seizure. Sanchez-Loredo's petition for review states the following narrow issue upon which review is sought: "Does the mobility of a vehicle provide exigent circumstances to search the vehicle regardless of the circumstances?" We hold that, for Fourth Amendment purposes, the mobility of a vehicle fulfills the requirement of exigent circumstances, so that a warrantless vehicle search is permitted based solely on probable cause. Accordingly, we affirm the Court of Appeals' reversal of the district court's suppression order.

## FACTUAL AND PROCEDURAL OVERVIEW

Reno County law enforcement officers had information that Dinah Sanchez-Loredo was transporting money to Dodge City and returning to Hutchinson with methamphetamine on behalf of drug distributors. Part of that information flowed from an investigation that ensued after a May 11, 2007, residential search in Hutchinson yielded a large quantity of methamphetamine and a large amount of money. Sanchez-Loredo's alleged connection to that drug operation made her the subject of law enforcement surveillance.

On July 26, 2007, Reno County officers followed Sanchez-Loredo's vehicle around the city of Hutchinson, observing her meet briefly with persons known to be involved with drugs. The vehicle left Hutchinson with Sanchez-Loredo driving and Amber Moore as a passenger. The officers followed the vehicle to Dodge City.

In Dodge City, the officers followed the vehicle for a time, until it appeared as though the vehicle driver was attempting to discern whether the vehicle was being followed. The officers discontinued the tail for fear of detection but recommenced following Sanchez-Loredo after she left Dodge City and was en route back to Hutch-

inson. When the vehicle crossed into Reno County, the officers stopped it and conducted an unsuccessful K-9 sniff of the vehicle.

During the course of their observation of Sanchez-Loredo, the law enforcement officers had been in contact with a Reno County assistant district attorney. After the drug dog failed to alert, the officers requested that the prosecutor obtain a warrant to search Sanchez-Loredo's vehicle. An officer was able to obtain the executed search warrant and return to the scene of the detained vehicle in approximately 75 minutes from the time of the initial vehicle stop. The ensuing search produced, *inter alia*, a large quantity of methamphetamine and drug paraphernalia. Both Sanchez-Loredo and Moore were charged, in separate cases, with drug crimes.

Both Sanchez-Loredo and Moore filed motions to suppress the evidence obtained from the search of the vehicle. The district court conducted a hearing on the motions and issued a joint opinion, explaining its rationale for granting the suppression motions. First, the court rejected the defendants' challenge to the validity of the vehicle stop, specifically finding that, using the totality of the circumstances test, the officers had probable cause to stop the vehicle and detain the occupants. Further, the court summarily declared that the drug dog's inability to alert on the vehicle did not destroy the probable cause that existed at the time of the canine sniff.

Nevertheless, the district court opined that the principle that a person has less expectation of privacy in a motor vehicle than a residence does not negate the rule of law that warrantless searches are the *exception*, not the rule. Citing to *United States v. Cantu*, 405 F.3d 1173, 1179 (10th Cir. 2005), the district court declared that, by its terms, the Fourth Amendment intimates a strong preference for warrants. Accordingly, the district court held that a warrantless automobile search based upon probable cause can only be conducted "where it is not practicable to secure a warrant."

The district court then found that the law enforcement officers had sufficient information to establish probable cause when Sanchez-Loredo's vehicle left Dodge City and that they had more than adequate time to obtain a warrant through the standby prosecutor prior to the time of the vehicle stop. Moreover, the court could

not find any exigent circumstances that would have required law enforcement officers to stop the vehicle when they did. The ultimate rationale given for suppressing the evidence was that, "[u]nder the unique circumstances of this case, the Court finds it was practicable to obtain the search warrant prior to the stop and detention of the Defendants."

The State appealed the suppression order. The Court of Appeals reversed the district court, holding that a "search without a warrant is allowed when probable cause is combined with exigent circumstances; in the case of potential evidence in a car, the mobility of the car provides the exigent circumstances." *State v. Sanchez-Loredo*, 42 Kan. App. 2d 1023, Syl., 220 P.3d 374 (2009). Sanchez-Loredo then sought and was granted review with this court.

Before proceeding, we pause to clarify the issues we will not be addressing. Sanchez-Loredo did not cross-appeal the district court's rulings that were adverse to her, such as the finding that the officers had probable cause to stop and detain her. See *State v. Adams*, 283 Kan. 365, 367, 153 P.3d 512 (2007) (as a general rule, absent exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties); see also *Douglas v. Lombardino*, 236 Kan. 471, 490, 693 P.2d 1138 (1985) (appellee's failure to cross-appeal deprived court of jurisdiction to consider appellee's briefed issues). Nevertheless, the Court of Appeals gratuitously observed that "[w]ithout a doubt," the district court was correct in finding that the officers had probable cause to search the vehicle and that "doubtlessly, the officers had sufficient grounds to stop her vehicle." 42 Kan. App. 2d at 1029. Further, the opinion agreed with the district court's declaration that the failure of the drug dog to alert to possible contraband did not eliminate the previously established probable cause. 42 Kan. App. 2d at 1029. But Sanchez-Loredo's petition for review did not challenge these holdings. See Supreme Court Rule 8.03(a)(5)(c) (2011 Kan. Ct. R. Annot. 69); *State v. Allen*, 293 Kan. 793, Syl. ¶ 2, 268 P.3d 1198 (2012) (under Supreme Court Rule 8.03[g][1], a party must allege an issue was decided adversely by the Court of Appeals to get Supreme Court review); *State v. Ward*,

292 Kan. 541, 580, 256 P.3d 801 (2011) (issue not raised before the Court of Appeals or in petition for review deemed abandoned).

Accordingly, this opinion will not address the district court's finding of probable cause or the effect on probable cause of an unsuccessful olfactory search by a drug dog. Further, we will not consider the reasonableness of the length of detention or the validity of the search warrant. Likewise, no one has discussed whether the issuance of the search warrant could attenuate the taint of any prior unlawfulness. Rather, as noted above, the narrow question presented for our review is whether the Court of Appeals erred in finding, as a matter of law, that the mobility of a vehicle provides the exigent circumstances to support a warrantless vehicle search based on probable cause. We will confine our opinion to that issue.

## VEHICLE MOBILITY AS EXIGENT CIRCUMSTANCE

### A. *Standard of Review*

The general standard of review for an issue of evidence suppression is bifurcated. First, without reweighing the evidence, the appellate court reviews the district court's findings for supporting substantial competent evidence. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007). Then, the ultimate legal conclusion is reviewed de novo. *State v. Fitzgerald*, 286 Kan. 1124, 1126, 192 P.3d 171 (2008). But if there are no disputed material facts, only a question of law is presented, over which an appellate court exercises unlimited review. 286 Kan. at 1126. Here, the Court of Appeals found exigent circumstances as a matter of law, which presents us with a legal question subject to unlimited review.

### B. *Analysis*

Applying the law to the facts of this case is complicated by the ambiguities in the trial court's rulings. On the one hand, the district court's written opinion recited that "when the Court considers the evidence in its totality, the Court does find probable cause existed to stop the vehicle and detain the occupants," suggesting a lawful investigatory detention, if not a lawful arrest. With that finding, one would expect the inquiry to proceed to a determination of

whether the length of the detention awaiting the search warrant transformed the investigative stop into a de facto arrest, *i.e.*, did the *seizure* become unlawful. See *United States v. Sharpe*, 470 U.S. 675, 685, 105 S. Ct. 1568, 84 L. Ed. 2d 605 (1985). Instead, the district court discussed why a warrantless search of the automobile could not be justified due to an absence of exigent circumstances and the practicability of obtaining a warrant. But the officers *did* obtain a warrant, albeit after the vehicle stop. The actual search of the vehicle was effected pursuant to a judge-executed search warrant, which should obviate the need for the State to prove, or the trial court to find, the existence of an established exception to the warrant requirement. In other words, here, there was no warrantless search and the issuance of a valid search warrant met the warrant requirement of the Fourth Amendment. It would appear that the only possible question is whether Sanchez-Loredo was unlawfully *seized* at any time prior to the execution of the search warrant. However, all concerned have focused on the district court's determination of the need for exigent circumstances beyond mobility and a determination of that issue will resolve this case. We will proceed accordingly.

We pause to quickly review certain fundamental constitutional principles. We start with the premise that a warrantless search by a police officer is per se unreasonable under the Fourth Amendment unless the State can fit the search within one of the recognized exceptions to the warrant requirement. Those recognized exceptions are: "consent; search incident to a lawful arrest; stop and frisk; probable cause plus exigent circumstances; the emergency doctrine; inventory searches; plain view or feel; and administrative searches of closely regulated businesses." *Fitzgerald*, 286 Kan. at 1127. In this case, the only possible exception that could be applicable is the probable-cause-plus-exigent-circumstances scenario.

"Probable cause" to search a vehicle can be established if the totality of the circumstances indicates there is a "fair probability" that the vehicle contains contraband or evidence. *State v. Davis*, 31 Kan. App. 2d 1078, 1084, 78 P.3d 474 (2003), *rev. denied* 277 Kan. 925 (2004). Here, the district court found that the information

gathered by law enforcement officers by the time that Sanchez-Loredo's vehicle left Dodge City established probable cause, *i.e.*, there was a fair probability that Sanchez-Loredo's vehicle contained drugs and other evidence of drug offenses. As indicated, that holding stands unchallenged in this appeal.

But probable cause must be accompanied by exigent circumstances to permit a circumvention of the Fourth Amendment's warrant requirement. This court has previously explained and illustrated the concept as follows: " 'Exigent circumstances exist where the police officer reasonably believes there is a threat of imminent loss, destruction, removal, or concealment of evidence or contraband.' " *State v. Fewell*, 286 Kan. 370, 384, 184 P.3d 903 (2008) (quoting *State v. Houze*, 23 Kan. App. 2d 336, 337, 930 P.2d 620, *rev. denied* 261 Kan. 1088 [1997]).

Frequently, the State meets the exigency requirement by relying on a subclass of the probable-cause-plus-exigent-circumstances exception referred to as the "automobile exception." See *California v. Carney*, 471 U.S. 386, 390, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985); *State v. Conn*, 278 Kan. 387, 395, 99 P.3d 1108 (2004). The automobile exception originated with the case of *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925), where law enforcement officers, who had probable cause to believe a vehicle contained illegal liquor, stopped and searched the vehicle, discovering whiskey inside. In upholding the search, the United States Supreme Court opined:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Carroll*, 267 U.S. at 149.

The Supreme Court further clarified the scope of the automobile exception in *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970). In *Chambers*, police had probable cause to believe that a station wagon contained contraband or evidence of a robbery, but they arrested the occupants and took the vehicle to the police station before conducting the search. The *Chambers* majority upheld the warrantless search, relying on *Car-*

*roll* to conclude that exigencies still exist in situations where both the vehicle and its occupants are in police custody. 399 U.S. at 51-52. Further, closely related to this case, the *Chambers* majority declared that it could "see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 U.S. at 52.

The Supreme Court has developed two rationales for the automobile exception, *i.e.*, two reasons for treating automobiles differently: (1) the mobility of an automobile; and (2) the lower expectation of privacy people have in their automobile, as opposed to their homes or offices. 3 LaFave, Search and Seizure § 7.2, p. 538 (4th ed. 2004). This court has recognized the exception and noted the joint rationale of vehicle mobility and reduced expectation of privacy. *Conn*, 278 Kan. at 395; see also *State v. Boyd*, 275 Kan. 271, 274, 64 P.3d 419 (2003) ("[T]he Kansas Supreme Court [has] recognized that exigent circumstances may allow the warrantless search of a vehicle when probable cause has been established to justify a search."); *State v. Jaso*, 231 Kan. 614, 622, 648 P.2d 1 (1982) ("We hold that when police officers have made a lawful stop of a vehicle and have probable cause to believe that contraband is in the vehicle the officers may search every area of the vehicle and its contents which might reasonably contain the contraband . . . ."); *State v. Hays*, 221 Kan. 126, 130, 557 P.2d 1275 (1976) (recognizing the exception as delineated in *Chambers*).

What the district court relied upon was qualifying language in some of our opinions, such as the statement in *Fitzgerald* that "[a]s long as probable cause exists, automobiles and other vehicles may be searched without warrants *where it is not practicable to secure a warrant*; their mobility fulfills the additional requirements of the existence of exigent circumstances." (Emphasis added.) 286 Kan. at 1127. The district court reasonably read the additional language as including within the automobile exception the requirement that the State establish the additional exigency that a warrant cannot be practicably obtained. But the United States Supreme Court, to

which we must defer in matters of interpreting the Fourth Amendment to the United States Constitution, has rejected that notion.

In *Pennsylvania v. Labron*, 518 U.S. 938, 116 S. Ct. 2485, 135 L. Ed. 2d 1031 (1996), the high court reviewed holdings from the Pennsylvania Supreme Court in two cases. In one of the cases, the state court had held that the automobile exception requires an additional showing of exigent circumstances and that where police had time to secure a warrant, the warrantless search of an automobile was unconstitutional. *Com. v. Labron*, 543 Pa. 86, 100-01, 669 A.2d 917 (1995). The state court also opined that the automobile exception is limited to situations where "unforeseen circumstances involving the search of an automobile [are] coupled with the presence of probable cause." *Labron*, 543 Pa. at 100. The United States Supreme Court disagreed, declaring that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Labron*, 518 U.S. at 940.

In *Maryland v. Dyson*, 527 U.S. 465, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999), the Supreme Court reviewed a Maryland Court of Special Appeals holding that "in order for the automobile exception to the warrant requirement to apply, there must not only be probable cause to believe that evidence of a crime is contained in the automobile, but also a separate finding of exigency precluding the police from obtaining a warrant." 527 U.S. at 466. Again the high court disagreed, holding that the automobile exception has no separate exigency requirement beyond a showing of mobility of the vehicle. 527 U.S. at 466-67.

We pause to note that some states have rejected the *Labron/ Dyson* rationale when interpreting their state constitutions and require their police to demonstrate both probable cause and exigent circumstances before searching a vehicle without a warrant. See, *e.g.*, *State v. Elison*, 302 Mont. 228, 244, 14 P.3d 456 (2000) (requiring police officers to show exigent circumstances under the automobile exception); *State v. Harnisch*, 114 Nev. 225, 228-29, 954 P.2d 1180 (1998) ("[T]he Nevada Constitution requires both probable cause and exigent circumstances in order to justify a warrantless search of a parked, immobile, unoccupied vehicle."); *State*

*v. Sterndale*, 139 N.H. 445, 449-50, 656 A.2d 409 (1995) (declining to adopt the automobile exception because the New Hampshire Constitution provides greater privacy protections than the Fourth Amendment); *State v. Cooke*, 163 N.J. 657, 670, 751 A.2d 92 (2000) (declining to apply the holding of *Labron* to evaluate cases under the New Jersey Constitution); *State v. Gomez*, 122 N.M. 777, 788, 932 P.2d 1 (1997) (holding that "[w]arrantless searches of automobiles require a showing of exigent circumstances"); *Com. v. Rosenfelt*, 443 Pa. Super. 616, 646-47, 662 A.2d 1131 (1995) (holding that officers must have both probable cause and some additional exigency to search a vehicle without a warrant). Here, however, the defendant has not made a separate argument based on the Kansas Constitution.

It is abundantly clear that Sanchez-Loredo's vehicle was mobile, which inherently creates the possibility that evidence which an officer has probable cause to believe is contained in the vehicle could be lost. Applying mandatory Fourth Amendment jurisprudence, we need look no further than the district court's finding that law enforcement officers had probable cause to believe the vehicle contained contraband or evidence of drug crimes. The district court erred in requiring the State to prove anything more. The Court of Appeals' reversal of the district court's suppression of evidence should be affirmed.

Reversed and remanded.

MORITZ, J., not participating.

THOMAS H. SACHSE, District Judge, assigned.