Biles, J.,
concurring: I concur in the result as to the suppression issue. I write separately only to note that Overman’s petition for review ignored the alternative basis for the Court of Appeals ruling: that the search of his vehicle was lawful because of the automobile exception. State v. Overman, No. 105,504, 2012 WL 6634362, at *4 (Kan. App. 2012) (unpublished opinion). Therefore, I would affirm the panel’s decision on the search question because its alternative rationale was not challenged. This makes tire majority’s analysis on this issue unnecessary.
Under Supreme Court Rule 8.03(a)(4)(C) and (h)(1) (2014 Kan. Ct. R. Annot. 77), a party must specify what issues were decided erroneously by the Court of Appeals. Otherwise, that issue is not properly before the Supreme Court on a petition for review. See State v. Trujillo, 296 Kan. 625, 634-35, 294 P.3d 281 (2013) (declining to reach merits of evidence suppression issue when defendant failed to petition for review of a Court of Appeals holding that defendant failed to preserve issue for appeal by failing to lodge contemporaneous objection at trial); see also State v. Sanchez-Laredo, 294 Kan. 50, 53, 272 P.3d 34 (2012) (“Before proceeding, we pause to clarify the issues we will not be addressing[,] . . . [because] Sanchez-Loredo’s petition for review did not challenge these holdings.”).
I would hold that Overman did not specify as a point of error or otherwise address the alternative basis for the panel’s decision, so the suppression issue is not properly before us on review. I agree with the multiplicity and Apprendi sections of the opinion.
NUSS, C.J., joins in the foregoing concurrence.