NOT DESIGNATED FOR PUBLICATION

No. 116,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BRIAN L. DEMING, JR.,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 25, 2017. Reversed and remanded.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Sam S. Kepfield*, of Hutchinson, for appellee.


Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.


PER CURIAM: The State of Kansas appeals the district court's order suppressing evidence in its case against Brian L. Deming, Jr. The State contends the district court applied an improper legal standard in concluding that the law enforcement officer should not have arrested and searched Deming. Finding that the officer had probable cause to arrest Deming and thus the search was proper incident to arrest, this court reverses and remands for further proceedings.

1

On April 1, 2016, Brenda Hall called 911 to report a man who appeared to be inebriated walking on the side of the road. On a break from work that morning, she drove by a man who she testified was swaying 3-4 feet onto the road as he walked. She saw him again on her way back from running errands still "trying to stay on his feet" and was carrying a bag from which items were falling onto the ground. After calling the police, Hall went back to work.

South Hutchinson Police Sergeant Jake Graber investigated the call. When he arrived, he observed a man walking and stumbling into a building. Graber recognized the man as Brian Deming based upon a separate investigation earlier that day concerning, among other issues, another man who was in possession of Deming's wallet and work identification card. Graber asked Deming what he had been doing. Deming identified himself to Graber and explained that he was with a coworker and was just leaving work (Graber believed this statement to be untrue based on an earlier call to Deming's employer, as noted above, regarding his personal items in the possession of another person). Deming told Graber that he and a friend had run out of gas in their car but when they returned after buying gas they could not remember where the car was. Graber testified that Deming's speech was slurred, he had difficulty communicating, and his pupils were "at a pinpoint." When asked if he was under the influence, Deming stated that he had consumed alcohol the prior evening and felt hungover, but Graber did not detect an odor of alcohol on him. Deming submitted to a preliminary breath test, the results of which were .000, indicating that Deming was not under the influence of alcohol.

Believing he posed a public hazard due to intoxication, Sergeant Graber placed Deming under arrest. Graber then searched Deming for contraband or weapons; he located a pill bottle labeled with the name "Jolene Runyon" in Deming's pocket. Inside the bottle, Graber observed a variety of pills that were later identified as Oxycodone,

Adderall, Lorazepam, Alprazolam, and unidentifiable orange chunks. Graber took Deming into the police station, where he informed Deming of his *Miranda* rights.

The State charged Deming with one count possession of Oxycodone, one count possession of Lorazepam, and one count pedestrian under the influence of alcohol or drugs. Deming moved the court to suppress the evidence obtained resulting from Sergeant Graber's search, claiming the search was unconstitutional because it did not fit into any of the exceptions to the warrant requirement. The district court held a hearing on the motion. After hearing testimony and argument from the parties, the district court ruled from the bench, granting the motion to suppress. The State contends that the district court erroneously granted the motion to suppress because it did not follow the correct legal standard for determining whether Sergeant Graber performed a lawful search incident to arrest. The State timely filed an interlocutory appeal pursuant to K.S.A. 2016 Supp. 22-3603.

ANALYSIS

This court's standard of review in such cases is well established:

> "'An appellate court generally reviews a trial court's decision on a motion to suppress using a bifurcated standard. The trial court's findings are first reviewed to determine whether they are supported by substantial competent evidence. Appellate courts do not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence. The ultimate legal conclusion regarding the suppression of evidence is then reviewed de novo.' [Citations omitted.]" *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

This court applies the same standard to the State's appeal of a district court's grant of a motion to suppress. See *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

The right of the people to be secure in their person against unreasonable searches and seizures is enshrined in the Fourth Amendment to the United States Constitution and in § 15 of the Kansas Constitution Bill of Rights. Evidence obtained by an illegal search or seizure in violation of this right may not be admitted into evidence. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

A warrantless search conducted by a police officer is per se unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. *State v. Sanchez-Loredo*, 294 Kan. 50, 55, 272 P.3d 34 (2012). The exceptions permitting warrantless searches include:  consent; search incident to lawful arrest; stop and frisk; probable cause to search accompanied by exigent circumstances; emergency aid; inventory searches; plain view; and administrative searches of closely regulated businesses. *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014). Here, the State contends that Sergeant Graber conducted his search incident to a lawful arrest under K.S.A. 8-1543 for Deming being a pedestrian under the influence of alcohol or drugs on a roadway.

A law enforcement officer may arrest a person without a warrant if the officer has probable cause to believe the person is committing or has committed a misdemeanor and the "officer has probable cause to believe that the individual may cause injury to self or others . . . unless immediately arrested." K.S.A. 22-2401(c)(2)(B). Probable cause to arrest is the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime. *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012).

The State carries the burden to prove that a search was lawful. *State v. Overman*, 301 Kan. 704, 710, 348 P.3d 516 (2015). Evidence obtained from an unreasonable search may be excluded by the courts. *State v. Daniel*, 291 Kan. 490, 496, 242 P.3d 1186 (2010).

4

In this case, the district court held that Sergeant Graber properly stopped Deming to investigate. The court found that Deming was in the roadway and that it was not only hazardous to Deming, who was at risk of being hit by a vehicle, but could be extremely traumatic for a driver who hit a pedestrian in the roadway. The court concluded that "Officer Graber did the right thing to approach the defendant."

The district court then addressed the issue of whether Sergeant Graber had probable cause to arrest Deming. The court held that it was "just not willing to go there given Mr. Deming's attitude." The court further explained that Deming's "appropriate," "civil," and "respectful" demeanor to law enforcement contributed to its ruling. Rather than determining whether Graber had probable cause to arrest Deming, the court stated that Graber should have "ask[ed] Mr. Deming if he could give him a ride to a safe place; home would be the first place."

The State further claims that the district court's "interjection about what [Sergeant] Graber should have done had he asked the court what to do was in error." This court reviews the district court's legal conclusions de novo. *Patterson*, 304 Kan. at 274. As the State correctly argues, Deming's "appropriate" behavior is not part of the legal test to determine whether an officer has probable cause to arrest a suspect. Probable cause "exists where the officer's knowledge of the surrounding facts and circumstances creates a reasonable belief that the defendant committed a specific crime." *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 515, 242 P.3d 1179 (2010). Here, this court finds that the State met its burden to prove a lawful arrest. The totality of the evidence presented at the hearing demonstrates that Sergeant Graber had probable cause to arrest Deming for being a pedestrian who was under the influence in the roadway. Under K.S.A. 8-1543, it is a misdemeanor for "[a] pedestrian who is under the influence of alcohol or any drug to a degree which renders such pedestrian a hazard" to "walk or be upon a highway except on a sidewalk."

5

In fact, the district court decided that Deming was in the roadway and substantial evidence supports the court's finding. In Hall's 911 call, she reported that Deming was "swaying from the street to the grass." She testified similarly at the hearing that Deming was "weaving in and out of the street" and swaying 3-4 feet into the roadway. Sergeant Graber testified that dispatch told him Deming had been in the roadway. When Graber arrived, the location in which he found Deming when he responded to dispatch would have required Deming to cross the street from the location of the initial report.

The district court also found that Deming was a hazard to himself and others. Because Deming was in the roadway, the court held that it was not only "hazardous to the defendant to get hit but it would be extremely traumatic to a driver to hit an individual who is in the roadway." The court also indicated that if Deming were to refuse a ride home, Sergeant Graber "could have reasonably thought Mr. Deming would be back out posing a hazard possibly." Substantial evidence supports these findings too. Hall testified that Deming was weaving in and out of the street, causing her to be concerned for his safety because a vehicle could hit him. Graber also testified that he did not believe it was safe to allow Deming to continue to walk in the roadway under the influence.

The district court stated that Deming did not appear or sound "extremely" under the influence and noted that Deming said he was tired. After also considering the police video, the court concluded that it "could interpret Mr. Deming's actions as someone who is tired . . . ." This court does not reweigh the evidence or resolve conflicting testimony. See *Patterson*, 304 Kan. at 274. However, the district court's findings were about how Deming appeared *to the court* on the video, not whether the officer had formed a reasonable belief that a crime had been committed. Here, Sergeant Graber testified that he believed Deming was intoxicated because Deming's speech was slurred, he had difficulty communicating, and his pupils were "at a pinpoint." Graber also testified he observed Deming stumbling into a building and dropping things. This court determines

6

that, based on the totality of the evidence, Graber was reasonable in forming the belief that Deming was under the influence while being in the roadway.

To arrest a person without a warrant for a misdemeanor, the officer must also have "probable cause to believe that the individual may cause injury to self or others . . . unless immediately arrested." K.S.A. 22-2401(c)(2)(B). As stated above, the district court's finding that Deming was a hazard to himself and others is supported by substantial evidence.

This court finds that the district court's legal conclusion was in error. Rather than applying the entire probable cause analysis to the evidence admitted at the hearing, the district court stopped short of a full consideration, in part, due to its findings related to Deming's behavior toward the police and then it granted the suppression motion. "The exclusionary rule's primary function is to deter improper police conduct by removing the incentive to violate constitutionally protected rights." *State v. Zwickl*, 306 Kan. 286, 291-92, 393 P.3d 621 (2017); see *State v. Powell*, 299 Kan. 690, 694-95, 325 P.3d 1162 (2014) (exclusionary rule works as a "deterrent to future violations"). Here, Sergeant Graber did not violate the Fourth Amendment in arresting Deming. The totality of the evidence supported Graber's probable cause determination to arrest Deming under K.S.A. 8-1543.

Because Sergeant Graber had probable cause to arrest Deming, the search incident to the arrest was also lawful. See *Sanchez-Loredo*, 294 Kan. at 54. Thus, this court reverses and remands for further proceedings consistent with this ruling.

Reversed and remanded.

7