NOT DESIGNATED FOR PUBLICATION

No. 112,082

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVEON D. SHARKEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS and ERIC WILLIAMS, judges. Opinion on remand filed April 9, 2021. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Deveon D. Sharkey appealed his convictions for aggravated robbery, aggravated sodomy, kidnapping, and attempted criminal use of a financial card. Sharkey alleged various trial errors and further alleged his statutory speedy trial rights were violated when the district court granted a continuance at the request of his attorney without Sharkey present. We found no error and affirmed Sharkey's convictions and sentence. *State v. Sharkey*, No. 112,082, 2017 WL 1033707, at *1, 8 (Kan. App. 2017) (unpublished opinion). Sharkey timely petitioned our Supreme Court for review, which it granted in part. 308 Kan. 1600 (2018). The sole issue for which our Supreme Court

1

granted review was Sharkey's speedy trial claim. In light of *State v. Wright*, 305 Kan. 1176, 390 P.3d 899 (2017) (*Wright I*), the matter was remanded to this court with instructions that we, in turn, remand to the district court for an evidentiary hearing and written findings of fact and conclusions of law regarding Sharkey's speedy trial claim. We have received the district court's findings and will now consider the merits of Sharkey's speedy trial claim in light of our Supreme Court's holding in *State v. Wright*, 307 Kan. 449, 410 P.3d 893 (2018) (*Wright II*).

Based on our review of the record, we conclude the district court's findings that the State was prepared to go to trial on the scheduled trial dates and the outcome of trial would have been the same was properly supported by the evidence. We affirm.

FACTS

We will not repeat the facts of this case as they are fully set forth in our prior opinion. See *Sharkey*, 2017 WL 1033707, at *1-2. Relevant to the issue on remand, on September 3, 2013—22 days after his arrest—Sharkey filed a pro se motion asserting his statutory right to a speedy trial and objecting to any continuances. He waived his preliminary hearing and was arraigned on September 12, 2013. His jury trial was initially set for November 4, 2013. On November 4, 2013, the trial date was continued to December 9, 2013. On November 15, 2013, Sharkey filed a pro se motion to dismiss counsel, alleging his attorney violated his right to be present by continuing his jury trial without his consent. He informed the district court he had filed a motion asserting his speedy trial rights and objecting to all continuances. Sharkey's motion to dismiss counsel was heard and granted on December 6, 2013. At the hearing, Sharkey agreed to postpone the jury trial set for December 9, 2013, so he could obtain new counsel.

New counsel was appointed on December 10, 2013, and the jury trial was rescheduled for January 6, 2014. Sharkey advised his new counsel at their first meeting

he objected to any more continuances and was asserting his speedy trial rights. Counsel then told Sharkey he had several cases in front of him and it would be approximately six months before he would be ready for Sharkey's case to go to trial.

Defense counsel asked the district court to continue the trial set for January 6, 2014. Sharkey was not present at the hearing. A new trial date was set for February 3, 2014. Defense counsel then requested a continuance from that date. Counsel did not consult with Sharkey about the continuance because he had already told Sharkey his case would be continued for several months. Sharkey was not present at the hearing. The trial was continued two more times by defense counsel. Sharkey was not present at either of those continuance hearings. On May 21, 2014, Sharkey filed a motion to dismiss for violation of his right to be present at the hearings and violation of his statutory speedy trial rights; however, the district court never addressed the motion. Sharkey's trial began on May 27, 2014.

On appeal, Sharkey argued his statutory speedy trial rights were violated because he was in custody awaiting trial and the case was not tried within 90 days of the date of his arraignment contrary to K.S.A. 2013 Supp. 22-3402(a), the speedy trial statute in effect at the time. We rejected Sharkey's argument because the delays were attributable to Sharkey's counsel. *Sharkey*, 2017 WL 1033707, at *2-3. However, shortly after we issued our decision, our Supreme Court issued its decision in *Wright I*, 305 Kan. at 1178, holding a criminal defendant has a right to be present at a hearing on a continuance request. Here, Sharkey was not present when the district court granted the continuances at his counsel's request. Accordingly, remand for factual findings was necessary to determine whether Sharkey was prejudiced by the district court's decision to grant the continuances. See 305 Kan. at 1179-80.

On remand, we instructed the district court to conduct an evidentiary hearing and presume Sharkey would have objected to his attorney's requests for continuances and

those requests could not have been granted over Sharkey's objections. We directed the district court to determine whether the State could have brought Sharkey to trial within the remaining time for doing so under the statutory speedy trial deadline. Specifically, we instructed the district court to receive and consider evidence

> "on the time the State would have needed to prepare the case for trial, any potential problems with witness availability or other evidentiary constraints the State would have faced with trying the case within the speedy trial time, and other facts relevant to the State's ability to have satisfied the requirements of K.S.A. 22-3402 had the defense continuances been denied."

The district court conducted the requested evidentiary hearing. Sharkey was present and chose not to testify. The only witness was the lead prosecutor, who testified the continuances were due to defense counsel's caseload, not the State's readiness to try the case. The prosecutor stated she had the necessary evidence to try the case on December 9, 2013. The only additional evidence was a DNA report the State received in January 2014, relating to Sharkey's sexual assault of the victim. However, the prosecutor stated she did not believe the DNA report would have been necessary for the State to proceed to trial because the victim had positively identified Sharkey as the person who assaulted her and stole her bank cards and Sharkey was found at a nearby convenience store shortly after the incident with the victim's bank cards in his possession. In other words, the DNA report was merely corroborating evidence of the victim's account.

The prosecutor admitted she had not subpoenaed witnesses for the December 2013 and January 2014 trial dates. However, the reason she had not done so was because she knew Sharkey had requested new counsel to be appointed for him prior to the December 2013 trial date and his newly appointed counsel told her he would be continuing the January trial date because of his already existing caseload. Thus, she did not want to issue subpoenas if the case was not actually going to proceed to trial on those dates. Nevertheless, the prosecutor believed the witnesses still could have been subpoenaed in

4

time for trial, or otherwise would have appeared voluntarily, if the district court had not granted the defense counsel's requests for continuances.

After considering the evidence, the district court found the State was prepared to go to trial and could have done so within the statutory speedy trial deadline if the defense counsel's continuance requests had been denied. The district court noted trial was originally scheduled for December 9, 2013. However, on December 6, 2013, Sharkey's pro se motion for appointment of new counsel was granted and Sharkey personally agreed to a continuance so new counsel could be appointed. A new trial date was set for January 6, 2014, which was continued by defense counsel three times until the jury trial commenced on May 27, 2014.

The district court found between the date of arraignment and the trial date set for December 9, 2013, 87 days of the speedy trial deadline should be charged to the State. The district court also found the State was prepared to proceed to trial on December 9, 2013, well within the 90-day speedy trial deadline. The district court noted the only additional evidence was a DNA report the State obtained in January 2014. The district court held the State's evidence and witnesses at trial, with the exception of the doctor who testified in reference to the DNA report, would have been the same.

The district court found there was no problem with witness availability or evidentiary constraints on the part of the State to be ready for the December 9, 2013 trial date. The district court held the DNA report was of minimal significance because, at trial, Sharkey testified in his own defense and admitted to sexual contact with the victim, claiming it was consensual. The DNA report obtained in January 2014 merely corroborated the fact sexual contact occurred—something Sharkey admitted—not whether it was consensual—the point of the parties' dispute. The district court found the available evidence as of the December 2013 trial date would have been sufficient to prove Sharkey guilty because the victim identified Sharkey on the day of the assault and

5

Sharkey was apprehended near the victim's home with the victim's financial cards in his possession.

Following the district court's decision, Sharkey and the State submitted additional briefing to this court.

ANALYSIS

When a continuance is granted without the defendant present, the defendant's right to be present at all critical stages of the proceedings is violated. Thus, continuances requested by defense counsel and granted when the defendant is not present may violate a defendant's statutory speedy trial rights. Even if the continuance is attributed to the defense and should have been attributed to the State, appellate remedy is limited. See K.S.A. 2020 Supp. 22-3402; *Wright I*, 305 Kan. at 1178. However, any error in not bringing a defendant to trial within the statutory speedy trial deadline may nevertheless be declared harmless.

To declare such an error harmless, the party benefitting from the error—here, the State—must prove "'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citations omitted.]" 305 Kan. at 1179. "When the lower court ruling entails factual findings arising out of disputed evidence, a reviewing court will not reweigh the evidence and will review those factual findings for 'supporting substantial competent evidence' only. *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012)." *State v. Hardy*, 305 Kan. 1001, 1012, 390 P.3d 30 (2017). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019).

6

Sharkey argues the district court's decision was not supported by substantial competent evidence. He asserts because the State had not issued any subpoenas for the December 9, 2013 or January 6, 2014 trial dates, it would not have been prepared to try the case within the statutory speedy trial deadline. Essentially, Sharkey does not dispute the State *had* the necessary evidence as of the relevant dates; rather, he asserts the State did not show it was prepared to *present* the evidence on the trial dates. We find Sharkey's argument on this point unpersuasive. Given the uncontested evidence by the lead prosecutor, we see no reason the State could not have subpoenaed its witnesses or obtained their voluntary appearance in sufficient time had defense counsel's continuance requests been denied.

The December 9, 2013 trial date was set within the statutory timeline for a speedy trial. Then Sharkey requested new counsel, and his motion was granted on December 6, 2013, at a hearing he attended and agreed on the record to a continuance to allow new counsel to be appointed. We cannot find any prejudicial error from the granting of a continuance which Sharkey initiated and personally agreed to while present at the motion hearing. In any event, we see no reason—and Sharkey fails to explain any reason—the State could not have proceeded to trial on the date of December 9, 2013. As a practical matter, it would not have been reasonable for anyone to have expected new counsel to have been ready to try a case like this one with limited time to prepare.

The lead prosecutor's testimony reflected witnesses were typically subpoenaed 14 to 21 days prior to trial but subpoenas can be issued much closer to trial. The prosecutor further testified witnesses would sometimes appear voluntarily for trial without the issuance of subpoenas. All of the post-December 2013 trial continuances were at the request of the defense counsel, which resulted in the jury trial starting on May 27, 2014. We also note the prosecutor testified she fully expected the matter to be continued by the defense and did not believe it would proceed to trial in January 2014, or shortly thereafter, because defense counsel, after he was appointed to represent Sharkey, had

7

made it clear he was going to request continuances and needed time to prepare for trial given his existing caseload. Thus, we cannot see any reason to fault the State for not subpoenaing witnesses for trials it had no reason to expect would commence on the earlier scheduled dates. The pertinent question is whether the State *could* have still proceeded to trial if defense counsel's expected continuance requests had been denied. The uncontroverted evidence in the record reflects the district court accepted the prosecutor's testimony the State could have been ready. Sharkey does not meaningfully dispute the State had the necessary evidence to convict him had the trial occurred in December 2013 or January 2014.

The district court—as the fact-finder—had the opportunity to weigh the evidence and determine the credibility of the prosecutor's statements. The record before the district court reflects, and the district court found, the State had no constraints stopping it from bringing Sharkey to trial within the statutory speedy trial limits. Based on finding the State was prepared to and could have timely proceeded to trial—particularly its finding "[t]here were no potential problems with witness availability or other evidentiary constraints the state would have faced in bringing the defendant to trial"—the district court found the prosecutor's statements credible. We will not reweigh evidence or disturb credibility determinations underlying the district court's findings. See *Hardy*, 305 Kan. at 1012.

The district court found the DNA report was the only materially different or additional piece of evidence available to the State at the time of trial. And its determination the report was largely insignificant is well founded based on Sharkey's testimony claiming consensual sexual contact with the victim and his theory of defense at trial. The other evidence already available to the State before he requested new counsel included:  The victim's testimony that Sharkey entered her house, sexually assaulted her, demanded and took her financial cards; Sharkey's arrest near the victim's home shortly after the incident; the fact Sharkey was found trying to use the victim's financial cards at

8

the time of his arrest; and the victim identified Sharkey as her assailant shortly after his arrest. There was sufficient evidence to support Sharkey's convictions both before the trial was continued in December 2013 and at the time of trial in May 2014. And the State could have had its witnesses available to testify as it did.

Because of the abundance of evidence already existing in December 2013, the State gained no advantage by the delay that would enhance the strength of its case against Sharkey. The record reflects the State could have tried him before his statutory right to a speedy trial ran, even without the DNA evidence. There is no doubt Sharkey had a right to be present at each of the hearings where the jury trial was continued, and the trial may have occurred sooner based on his objection to a continuance, but regardless of when he went to trial, he would have been convicted given the State's evidence. We are firmly convinced the error was harmless.

Affirmed.