NOT DESIGNATED FOR PUBLICATION

No. 124,310

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DEREK J. WERTH,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed March 25, 2022.
Reversed and remanded.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: The State appeals the district court's decision to grant Derek J. Werth's motion to suppress marijuana found in the trunk of his car. Resolution of this appeal turns on the proper application of the automobile exception to the warrant requirement under the Fourth Amendment to the United States Constitution. We find the district court improperly applied this exception to the facts of Werth's case, so we reverse the district court's suppression order and remand for further proceedings.

1

On May 17, 2020, at 4:45 a.m., Ellis County Sheriff's Deputy Dakota Gulley was dispatched to a report of a suspicious person trying to enter a residence. Hays Police Officer Mason Seery also responded. When Gulley arrived, he found Werth on the side of the house and noticed that his eyes were bloodshot, and he smelled strongly of consumed alcohol. Gulley asked Werth where he was going, and Werth said that he was trying to get home. Gulley said he would drive Werth home and Werth pointed to a BMW on the street that he said was his. Gulley had dispatch confirm the car belonged to Werth. Gulley noticed the hood of the car was still warm and Werth told Gulley that he had driven here after drinking alcohol at a friend's house. Gulley then began a driving under the influence (DUI) investigation and began to administer field sobriety tests.

Meanwhile, Seery looked through the BMW's window and saw a marijuana pipe, with marijuana residue, sitting on the center console. Seery opened the door to retrieve the pipe. Seery then found loose leaves of marijuana on the driver's seat and the driver's floorboard. Seery then opened the center console and found a pill. On the passenger floorboard, Seery found a mason jar with the remnants of marijuana leaves and stems. There was a strong odor of marijuana in the passenger area of the car.

Seery then checked the trunk. There, he located a black duffle bag. Because the bag "had weight to it," Seery opened it and found air-sealed bags of marijuana. Gulley then arrested Werth. Seery later determined the pill was oxycodone. Seery also determined that there was 370.81 grams of marijuana collected from Werth's car.

The State charged Werth with possession of marijuana with the intent to distribute, possession of oxycodone, and DUI. At the preliminary hearing, the State called Gulley and Seery, who testified to the above facts. When asked on cross-examination, Seery stated that he did not have any evidence or information that would have led him to

believe that he would find contraband in the trunk of the car. Seery acknowledged that when he searched the trunk, Werth was not under arrest and Werth did not consent to the search of his car. The district court found probable cause to bind Werth over for trial but noted that it expected Werth to file a motion to suppress.

Werth later moved to suppress the evidence, arguing that the search of his car was unconstitutional. At the hearing, the parties agreed the court should consider the facts as produced at the preliminary hearing in deciding the motion, along with the State's single witness, Hays Police Corporal Donovan Richmeier. Richmeier testified that he also responded to the scene, that he let Gulley conduct the DUI investigation, and that he stood by Werth's car and noticed the pipe and marijuana flakes through the window. Richmeier testified that law enforcement receives training on identifying drug paraphernalia and that based on his training and experience he recognized immediately that the pipe was used for consuming marijuana. Richmeier admitted on cross-examination that he had no reason to believe the car contained any other drugs or contraband other than what he could see.

After presenting the evidence, the State argued that plain view allowed officers to search the entire car. Werth argued that although the marijuana pipe was in plain view, there was no reason to search the trunk of his car. The district court took the matter under advisement pending further briefing. The State filed a supplemental brief, arguing that plain view allowed the officers to seize the pipe and that once officers had the pipe, they had probable cause to search the entire car under the automobile exception.

On August 9, 2021, the district court filed a journal entry suppressing the marijuana found in Werth's trunk. The district court made these findings of fact, which are not challenged by the parties on appeal:

"1. At 4:30 A.M. police dispatch received a report of an individual trying to gain entry into a home.

"2. Officers arrived at the scene at 4:45 A.M.

"3. Defendant was observed outside of the residence and the officers approached to ask him questions.

"4. Defendant stated he was trying to get home, but it was determined he was at the wrong house.

"5. A vehicle was parked in front of the home and defendant identified it as his car. Defendant admitted to driving the vehicle to the residence.

"6. The hood of the car was warm, and it appeared to be recently driven.

"7. The officers observed the defendant appeared to be intoxicated as he had bloodshot eyes, a strong odor of alcohol, confusion about his location, and other indicial of impairment.

"8. Officer Richmeier was called to assist in the investigation as he was acquainted with the defendant having attended school with him while growing up.

"9. Richmeier knew the defendant's vehicle and saw it parked on the street.

"10. While looking through the driver's side window while standing on the street, Richmeier observed a green pipe on the center console which he knew from his training and experience was used to consume marijuana.

"11. Officer Seery also looked in the vehicle and made the same observations and conclusion as Richmeier.

"12. Having observed the marijuana pipe in plain view, the officers entered the vehicle to secure the pipe.

"13. Once in the vehicle, the officers saw loose marijuana on the driver's side floorboard, a Mason jar with marijuana on the passenger floor and a strong odor of marijuana about the passenger area of the vehicle.

"14. After removing the pipe from the center console, the officers looked inside the console and saw a pill which they believed to be oxycodone.

"15. After having secured the items in the passenger compartment of the defendant's vehicle, Seery searched the trunk and observed a closed black duffle bag.

"16. The duffle bag was opened and inside were air sealed bags containing a significant quantity of marijuana.

"17. Seery testified at the preliminary hearing that he had no evidence or reason to believe that there was contraband in the trunk before searching the trunk and opening the bag."

Applying these facts to the parties' arguments, the district court found "the officers had the right to enter the vehicle under the plain view exception and the defendant's request to suppress this evidence [found in the passenger compartment] is denied." The district court then analyzed the search of the trunk under the automobile exception. The district court found that "Seery testified he had no evidence or reason to believe there was contraband in the trunk. No reason to believe is equivalent to no probable cause. Without probable cause, Seery did not have the right to search the trunk or to open and search the duffle bag." Based on this finding, the district court suppressed the evidence seized from the trunk. The State timely filed notice of an interlocutory appeal.

DID THE DISTRICT COURT ERR IN
SUPPRESSING THE MARIJUANA FOUND IN WERTH'S TRUNK?

The State's only claim on appeal is that the district court erroneously suppressed the evidence seized from the duffle bag in the trunk of Werth's car. Conversely, Werth asserts that the district court correctly found the officers lacked probable cause to believe contraband would be found in his trunk. This court has jurisdiction to hear the State's appeal under K.S.A. 2020 Supp. 22-3603.

Under the Fourth Amendment to the United States Constitution, people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Reasonableness is the touchstone for the Fourth Amendment and generally a search is reasonable if law enforcement has a warrant or an exception to the warrant requirement applies. *State v. Christian*, 310 Kan. 229, 233-34, 445 P.3d 183 (2019). The recognized exceptions to the warrant requirement include "'consent; search incident to a lawful arrest; stop and frisk; probable cause plus exigent

circumstances; the emergency doctrine; inventory searches; plain view or feel; and administrative searches of closely regulated businesses.'" *State v. Doelz*, 309 Kan. 133, 140, 432 P.3d 669 (2019).

"[A] subclass of the probable-cause-plus-exigent-circumstances exception is called the automobile exception." 309 Kan. at 143. The automobile exception provides that no warrant is needed to search a vehicle "as long as 'probable cause exists to believe the vehicle contains contraband or evidence of a crime' and the vehicle is 'readily mobile.'" 309 Kan. at 143. Probable cause "exists when the totality of the circumstances indicates there is a fair probability that the vehicle contains contraband or evidence of a crime." *State v. Howard*, 305 Kan. 984, 990, 389 P.3d 1280 (2017). The totality of the circumstances includes all information in the officer's possession and fair inference from that information along with any other relevant facts. 305 Kan. at 990.

The State argues the district court erred in finding that the officers did not have probable cause to search the trunk under the automobile exception. The State points to various cases and argues that the district court failed to correctly interpret the automobile exception. The State also argues the district court's reliance on Seery's statement that he had no evidence or reason to believe there would be contraband in the trunk to be misplaced as it focuses on subjective knowledge instead of objective facts.

Werth argues that the district court correctly suppressed the evidence. Werth asserts that after the officers seized the plain view contraband, which supported the DUI investigation, the purpose of the stop had been completed and the officers had no new probable cause to extend the search to the trunk of the car. Werth asserts that because officers searched the passenger compartment for the items they saw in plain sight, they recovered what they were searching for and, thus, completed the search. Werth asserts that the State is arguing for a bright line rule that any time an officer has probable cause to search any part of a car, the officer can search the whole car.

"On a motion to suppress, an appellate court generally reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and reviews the ultimate legal conclusion de novo." *State v. Cash*, 313 Kan. 121, 125-26, 483 P.3d 1047 (2021). When, as here, the material facts supporting a district court's decision on a motion to suppress evidence are not in dispute, the ultimate question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018).

The question presented in this appeal is whether a valid search of the passenger compartment of a car, that yielded contraband, established probable cause to search the trunk of the car. And, if so, whether officers' testimony that there was no reason to believe contraband would be found in the trunk negated the existence of probable cause.

The landmark United States Supreme Court case for the automobile exception is *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982). In *Ross*, law enforcement received a tip that Ross had completed a drug deal using drugs he kept in the trunk of his car. Police stopped Ross and searched the interior of his car, and then searched the trunk and found a brown paper bag containing drugs. The Court upheld the search stating:  "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 456 U.S. at 825. The Court explained:

> "The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found. Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the

trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." 456 U.S. at 824.

Likewise, the Kansas Supreme Court has held that "when police officers have made a lawful stop of a vehicle and have probable cause to believe that contraband is in the vehicle, the officers may search every area of the vehicle and its contents which might reasonably contain the contraband, without the necessity of first obtaining a warrant." *State v. Jaso*, 231 Kan. 614, 622, 648 P.2d 1 (1982). In *Jaso*, an officer was instructed to stop Jaso's car and search it for missing quaaludes he had removed from a drug house. The officer did not know where in the car the drugs might be located or what kind of container the drugs were in. In conducting the search, the officer unlocked the trunk, opened a suitcase, and discovered about 2,000 quaaludes and other evidence. Our Supreme Court, relying on *Ross*, held the evidence found in the suitcase was admissible. 231 Kan. at 618.

In *State v. Press*, 9 Kan. App. 2d 589, 597-98, 685 P.2d 887 (1984), an officer lawfully found a tray containing a green leafy substance, two hemostats, two clear plastic bags containing a green leafy substance, and a bottle containing seeds in the passenger compartment of a car. This court determined that under these facts, the officer "had probable cause to believe that defendant's vehicle contained other contraband. He was therefore entitled to search the trunk of defendant's car." 9 Kan. App. 2d at 598.

This rule of law has been stated and applied in Kansas in more recent cases. See, e.g., *State v. Sanchez-Laredo*, 294 Kan. 50, 57, 272 P.3d 34 (2012). When, as here, a lawful search of the passenger compartment of the car revealed a marijuana pipe, a pill that looked like oxycodone, marijuana flakes, a mason jar with marijuana residue, and a strong odor of marijuana, law enforcement officers had probable cause to search any part of the car that could contain drugs or drug paraphernalia. The district court seemingly recognized this rule of law but then found that because Seery testified that he had no

evidence or reason to believe there would be contraband in the trunk, he had no probable cause to search it. In suppressing the evidence found in the trunk, the district court stated: "No reason to believe is equivalent to no probable cause." This conclusion is incorrect.

The United States Supreme Court and Kansas courts have explained that under the Fourth Amendment, an officer's subjective belief is irrelevant in establishing probable cause. Instead, it is the objective facts that govern the reasonableness of an officer's actions. See, e.g., *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404, 126 S. Ct. 1943, 164 L. Ed. 2d 650 (2006) ("An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action.'"); *State v. Beltran*, 48 Kan. App. 2d 857, 879, 300 P.3d 92 (2013) ("'[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment.' . . . What matters 'is not [the officer's] state of mind, but the objective effect of his [or her] actions.'") (quoting *Bond v. United States*, 529 U.S. 334, 338 n.2, 120 S. Ct. 1462, 146 L. Ed. 2d 365 [2000]). Thus, the district court misapplied the automobile exception when it relied on Seery's subjective belief to evaluate whether the officers had probable cause to search the trunk.

Werth asserts that the State is arguing for a bright line rule that any time an officer has probable cause to search any part of a car, the officer can search the whole car. But each case must be analyzed on its facts and there are no bright line rules. For instance, if an officer has probable cause to believe a handgun used as a murder weapon is located inside a car and the officer finds the handgun in the front console, the officer does not have probable cause to search the rest of the car including the trunk under the automobile exception. But in Werth's case, Seery and the other officers had probable cause to believe there was marijuana and other drugs in Werth's car. Like the officer in *Jaso*, Seery did not know where in the car the drugs might be located or what kind of container the drugs were in. See 231 Kan. at 617. Under these circumstances, Seery could open the trunk and search the duffle bag for contraband under the automobile exception.

9

To sum up, officers lawfully searched the passenger compartment of Werth's car and found a marijuana pipe, a pill that looked like oxycodone, marijuana flakes, a mason jar with marijuana residue, and they detected a strong odor of marijuana. Under these circumstances, an objectively reasonable law enforcement officer would have probable cause to search any part of the car that could contain drugs or drug paraphernalia, including a duffle bag in the trunk of the car. Seery's subjective testimony that he had no reason to believe contraband would be found in the trunk does not negate the objective existence of probable cause. As a result, the district court erred in suppressing the marijuana found in the trunk on this basis.

Reversed and remanded.